# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRANK EDWARD BELL,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE *et al.*,

    *Defendants*.

Civil Action No. 18-2928 (TJK)

## MEMORANDUM OPINION

Plaintiff Frank Bell, proceeding pro se, filed this action in the Superior Court of the District of Columbia in October 2018, and Defendants removed it in December of that year. ECF No. 1. On April 11, 2019, Defendants filed a motion to dismiss for both lack of subject-matter jurisdiction and failure to state a claim. ECF No. 4. And on that same date, the Court ordered Bell to file his response by May 6, 2019. ECF No. 5. The Court's order advised Bell that, if he failed to file a timely response, the Court would treat the motion as conceded and, if circumstances warranted, dismiss the case. To date, Bell has neither filed an opposition nor requested additional time to do so. Although Defendants' motion is unopposed, the Court declines to grant the motion as conceded. *See Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 482–83 (D.C. Cir. 2016). Still, for the reasons explained below, Bell's complaint must be dismissed. Defendants' motion will be granted.

**I.    Background**

The Court treats Defendants' unopposed representations of fact as true. *See generally* ECF No. 4-1 ("Defs.' Mem."); ECF No. 6-1 ("Defs.' Ex."). In November 2008, Bell was convicted of distribution of cocaine in the Superior Court of the District of Columbia. Defs.' Ex.

at 3. He was sentenced to 36 months' incarceration, followed by five years of supervised release. *Id.* His supervised release began in July 2011. *Id.* at 6. In October 2013, the United States Parole Commission issued a violation warrant after Bell allegedly tested positive for illegal narcotics, refused to submit to drug testing, failed to report to his supervision officer, and did not complete a mandated drug treatment program. *Id.* at 12–14. But rather than revoke his supervised release, the Commission allowed Bell to complete an in-custody portion of a drug treatment program and reinstated him to supervision in March 2014, on the condition that he successfully complete the outpatient portion of the program. *Id.* at 15–16.

In July 2016, the Commission issued its second violation warrant. *Id.* at 17–20. By that time, Bell had allegedly tested positive for illegal narcotics on 93 occasions, refused to submit to drug testing on 49 occasions, failed to report to his supervision officer, and had been convicted of petit larceny in Fairfax, Virginia. *Id.* Bell was sentenced to two years' imprisonment by the Fairfax County court. *Id.* at 22. On November 13, 2017, the Commission's warrant was executed. *Id.* At that time, Bell should have been transferred to a Federal Bureau of Prisons facility so that the Commission could conduct a revocation hearing within 90 days of the warrant's execution. *See* 28 C.F.R. 2.215(f). But he was not transferred until April 2018 and did not have a revocation hearing until August 2018. Defs.' Ex. at 21–22. The hearing examiner recommended, and the Commission ordered, that Bell serve 11 months' incarceration followed by 36 months' of supervised release, with credit for the time Bell had been incarcerated since the warrant was executed in November 2017. *Id.* at 28. Accordingly, Bell was released from custody and began his latest term of supervised release in October 2018. He sued Defendants less than a week later.

The entirety of Bell's complaint alleges that:

> Under the color of the law the U.S. Parole [C]ommission violated my due process rights as a U.S. Citizen. Statue [sic]; Long vs. Gaines. Under the color of the law the United States Parole Commission was suppose[d] to give me a revocation hearing by Feb[r]uary 13, 2018 in order to comply with app[l]icable laws. I didn't receive a revocation hearing until August 30, 2018.

ECF No. 1-2 ("Compl.") ¶ 1.[1] As relief, he requests that "the Court terminate [his] supervised release [and] order the U.S. Parole Commission [to] compensate [him] $1,500 for each day after Feb[r]uary 13, 2018 to October 12, 2018 causing [him] mental and physical anguish." *Id*. ¶ 2.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for relief on the ground that the court lacks subject-matter jurisdiction. To survive such a motion, the plaintiff bears the burden of proving that the court has jurisdiction to hear his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). For this reason, factual allegations in the complaint warrant closer scrutiny in resolving a 12(b)(1) motion as opposed to a 12(b)(6) motion for failure to state a claim. *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001).[2]

Under Rule 12(b)(6), a court must dismiss a claim when the complaint fails to state a claim upon which relief can be granted. In evaluating such a motion, the Court must "treat the

---

[1] Bell appears to be mistaken about the date of his revocation hearing. *See* Defs.' Ex. at 21 (reflecting a hearing date of August 1). But the precise date of the hearing in August 2018 is immaterial to the resolution of the instant motion.

[2] The Court may also "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction" without converting the motion to one for summary judgment. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). To the extent the Court construes Bell's claim such that it does have subject-matter jurisdiction, however, the Court considers only the allegations in Bell's complaint.

complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### III. Analysis

The Court concludes that no matter how Bell's claim is construed—whether as one for habeas relief, under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, or under 42 U.S.C. § 1983—it must be dismissed.

#### A. Habeas Corpus

Bell argues that Defendants violated the Fifth Amendment's Due Process Clause by delaying his revocation hearing to August 2018, about five-and-a-half months past the 90-day deadline. And he seeks, in part, termination of his supervised release. Such a claim could be construed as seeking a writ of habeas corpus, since District of Columbia prisoners are entitled to such habeas relief under 28 U.S.C. § 2241 upon a showing that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rious v. U.S. Parole Comm'n*, 183 F. Supp. 3d 170, 171 (D.D.C. 2016). But the usual remedy for a delayed revocation hearing is "an action to compel a hearing," not release. *Hill v. Johnston*, 750 F. Supp. 2d 103, 105–06 (D.D.C. 2010); *see also Sutherland v. McCall*, 709 F.2d 730, 732 (D.C.

Cir. 1983) (remedy for a delayed parole revocation hearing is a writ of mandamus to compel compliance, not a writ of habeas corpus). And Bell has, of course, already had his hearing.

In fact, the "Commission's failure to meet the statutory deadline . . . is not grounds for habeas corpus relief unless the delay is so prejudicial to the parolee that it violates his due process rights." *Howard v. Caufield*, 765 F.3d 1, 11 (D.C. Cir. 2014) (citing *Sutherland*, 709 F.2d at 732). And "in this Circuit, relief for such a due process violation is granted only 'where a petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial.'" *Id*. (citing *Sutherland*, 709 F.2d at 732). Bell has not alleged that he was prejudiced by the delay, and the Court notes that he was given credit for the time he served while awaiting his hearing. Therefore, to the extent that his claim is one for habeas relief, it must be dismissed.

B. **Federal Tort Claims Act**

Bell also seeks $1,500 for each day he was incarcerated after the date by which he alleges he should have had a hearing, to compensate him for his "mental and physical anguish." Compl. ¶ 2. Thus, his claims may be understood as sounding in tort. But "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *See id*. The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for some, but not all, tort claims. *See Richards v. United States*, 369 U.S. 1, 6 (1962).[3] Among the FTCA's

---

[3] The United States is the only proper defendant in a suit under the FTCA. *See, e.g.*, *Hall v. Admin. Office of the U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). However, the Court treats Bell's complaint as if it had been brought against the United States directly, given that he

5

limitations is its requirement that a claim be administratively exhausted. *See* 28 U.S.C. § 2675(a) (requiring that a claimant shall have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim for lack of subject-matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"). Bell does not allege that he exhausted his claim before filing this lawsuit, and his failure to do so deprives this Court of subject-matter jurisdiction over any such FTCA claim. *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005).[4]

### C. Section 1983

Bell's claims could also be interpreted to invoke 42 U.S.C. § 1983, which prohibits the "violation of a right secured by the Constitution and laws of the United States" by "a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). But § 1983 "applies only to state-level governmental entities, and the . . . Commission and [the Department of Justice] are federal entities." *Epps v. Howes*, No. 06-717(RMC), 2007 WL 2248072, at *3

---

proceeds pro se. *See, e.g.*, *Lineberry v. Fed. Bureau of Prisons*, 923 F. Supp. 2d 284, 291 n.5; *see also Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

[4] Even if Bell had exhausted his administrative remedies, the Court would still be compelled to dismiss his FTCA claim. The United States has not waived its immunity with respect to constitutional tort claims, and thus Bell's claim for money damages arising from an alleged violation of the Fifth Amendment's Due Process Clause must fail. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994).

6

(D.D.C. July 31, 2007); *see also Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (the Commission "retains the immunity it is due as an arm of the federal sovereign" despite its role administering parole for District of Columbia Code offenders). The United States has not waived this immunity, *see Settles,* 429 F.3d at 1105–06, and Bell's claims against the Commission are therefore barred, *see Bolden-Bey v. U.S. Parole Comm'n*, 731 F. Supp. 2d 11, 14 (D.D.C. 2010); *see also Hunter v. Reilly*, 693 F. Supp. 2d 53, 59 (D.D.C. 2010), *aff'd*, 405 F. App'x 514 (D.C. Cir. 2011) (per curiam). To be sure, *individual* Commissioners "are amenable to suit under § 1983 for actions taken" with respect to District of Columbia Code offenders. *Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir.), *vacated on reh'g on other grounds,* 391 F.3d 250 (D.C. Cir. 2004); *Settles*, 429 F.3d at 1104. However, the scheduling of a parole revocation hearing is a quasi-judicial act for which Commissioners are absolutely immune from suit. *See Fludd v. Mitchell*, 181 F. Supp. 3d 132, 142–43 (D.D.C. 2016); *Pate v. United States*, 277 F. Supp. 2d 1, 11 (D.D.C. 2003). And thus even if Bell were to have named an individual commissioner in his complaint, the Court would still lack jurisdiction to hear his claims.[5]

## IV. Conclusion

For all the above reasons, Defendants' Motion to Dismiss, ECF No. 4, will be granted. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 8, 2019

---

[5] For that reason, Bell's claim must also be dismissed if the Court were to construe it as made against an individual commissioner under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).